IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEXGEN HOMES, LLC,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civil Action No. 10-625
                                  )
FORM PROCESS ENGINEERING, LLC     )
and SAMUEL RAVIV, sole member,    )
                                  )
            Defendants.           )

MEMORANDUM

INTRODUCTION

In this civil action, Plaintiff, Nexgen Homes, LLC ("Nexgen"), seeks damages from Defendants, Form Process Engineering, LLC ("Form Process") and Samuel Raviv ("Raviv"), arising out of a manufacturing contract. Raviv has filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Raviv's motion to dismiss will be converted to a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), and the motion will be granted in part and denied in part.

BACKGROUND

Nexgen filed this civil action on May 11, 2010, alleging, in summary, the following facts:

Nexgen is a limited liability company ("LLC") existing under the laws of the Commonwealth of Pennsylvania. Hung Nguyen, an American citizen of Vietnamese origin who speaks broken English,

is the owner of Nexgen.[1]  Form Process is an Alabama LLC located in Birmingham, Alabama.  Raviv is the sole member of Form Process.  (Docket No. 1, pp. 1-2, ¶¶ 3-6).

On November 2, 2005, Nexgen and Form Process entered into a written contract pursuant to which Form Process agreed to manufacture steel panels designed by Nexgen in exchange for $103,000.00.  Over a period of 2 years, Nexgen made payments totaling $103,000.00 with the reasonable expectation that Form Process would manufacture the steel panels.  Between 2005 and 2007, Nexgen was assured by Raviv that the steel panels were in the production stage.  Raviv made the false and misleading statements to Nexgen regarding the production status of the steel panels with the intent of harming Nexgen's financial well-being. (Docket No. 1, p. 2, ¶¶ 7-11).

Raviv "pierced the corporate veil" when he committed fraud on Nexgen by stating that Form Process could manufacture the steel panels when he knew that the company did not have the ability to do so.  Raviv knowingly exploited Hung Nguyen's "inability to properly understand the English language in an attempt to defraud [Mr. Nguyen] for his own benefit."  (Docket No. 1, pp. 2-3, ¶¶ 12-13).

---

1 The Court notes that in the brief filed in opposition to Raviv's motion to dismiss, Nexgen asserts that it is a corporation, rather than an LLC as alleged in the complaint, and that Hung Nguyen is a native of Vietnam who is not a United States citizen, rather than a United States citizen of Vietnam origin as alleged in the complaint.  For purposes of the present motion, however, these conflicting representations are immaterial.

2

Despite accepting payments totaling $103,000.00, the Defendants have failed to provide the steel panels and have not even taken any actual steps to produce them. For over 5 years, Nexgen contacted the Defendants to obtain updates on the status of the steel panel project and each time Nexgen was assured that the Defendants "were working on it." (Docket No. 1, p. 3, ¶¶ 15-16).

Nexgen asserts breach of contract claims against Form Process (Count I) and Raviv (Count II); a claim for "piercing the corporate veil" against Raviv (Count III); and claims for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 et seq., against Form Process (Count IV) and Raviv (Count V). (Docket No. 1, pp. 3-6).

Raviv, proceeding pro se, filed an answer to Nexgen's complaint on September 30, 2010. (Docket No. 9). On October 29, 2010, Form Process filed its answer to Nexgen's complaint, and counsel representing Form Process filed a motion to amend the answer filed by Raviv pro se. (Docket No. 16). The motion to amend was granted, and, on November 9, 2010, an amended answer was filed by counsel on behalf of Raviv. (Docket No. 20).

On January 7, 2011, Raviv filed the present motion asserting that neither the breach of contract claim nor the "piercing the corporate veil" claim asserted against him in Nexgen's complaint

3

stated a claim upon which relief can be granted.[2] (Docket No. 25).

**PRELIMINARY MATTER**

Under Fed.R.Civ.P. 12(b), "[a] motion asserting [the defense of failure to state a claim upon which relief can be granted] *must* be made before pleading if a responsive pleading is allowed." (emphasis added). As noted above, prior to filing the present Rule 12(b)(6) motion, Raviv filed two answers to Nexgen's complaint – one *pro se* and one through his current counsel. As a result, Raviv may not seek the dismissal of Nexgen's breach of contract and "piercing the corporate veil" claims against him under Rule 12(b)(6).

Under Fed.R.Civ.P. 12(c), however, a party may move for judgment on the pleadings after the pleadings are closed, and Fed.R.Civ.P. 12(h)(2)(B) specifically states that "[f]ailure to state a claim upon which relief can be granted ... may be raised ... by a motion for [judgment on the pleadings] under Rule 12(c);..." Accordingly, Raviv's motion to dismiss will be converted to a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). The standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted applies to a Rule 12(c) motion seeking judgment on the pleadings on the same ground. See Turbe v. Gov't of the

---

[2] As noted previously, Nexgen also asserts a claim against Raviv for violation of the UTPCPL. (Docket No. 1, p. 6). Raviv, however, has not moved to

4

Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991); Arner v. PGT Trucking, Inc., No. 02:09-cv-0565, 2010 WL 1052953, at *1 (W.D.Pa. Mar. 22, 2010).

**LEGAL STANDARD**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to give the defendant fair notice of what the claim is and the grounds upon which it rests.

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court abrogated the oft-repeated standard for dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) enunciated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), *i.e.*, that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Following Twombly, a plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. 550 U.S. at 570. See also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of

---

dismiss this claim.

action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'").[3]

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). With respect to this task, in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir.2009), the Court of Appeals for the Third Circuit noted that

> "..., after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1949...."

578 F.3d at 210-11.

---

3 In the brief filed in support of Raviv's motion to dismiss, counsel cites the Conley standard for dismissing a complaint for failure to state a claim upon which relief can be granted. Apparently, counsel is unaware of Twombly's abrogation of the Conley standard.

DISCUSSION

Breach of Contract Claim in Count II of Complaint

The contract on which Nexgen's breach of contract claims in this case are based is governed by the laws of the State of Alabama.[4] Under Alabama law, a plaintiff must prove the following elements to establish a breach of contract claim: (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages. See Ex parte American Heritage Life Ins. Co., 46 So.3d 474, 477 (Ala.2010), citing, Congress Life Ins. Co. v. Barstow, 799 So.2d 931, 937 (Ala.2001).

Raviv asserts that Nexgen has failed to state a claim for breach of contract against him because he did not sign the contract in his individual capacity. Rather, the contract clearly was signed by Raviv on behalf of Form Process, an LLC, as its Managing Partner. (Docket No. 26, Exh. A). See Clement Contracting Group, Inc. v. Coating Systems, L.L.C., 881 So.2d 71 (Ala.2003)(Manager of LLC which served as painting subcontractor was not subject, in his individual capacity, to arbitration provision of LLC's subcontract with general contractor, though manager executed the subcontract under the title "member" rather

---

4 Raviv cites Pennsylvania law in support of his argument that Nexgen has failed to state a claim against him for breach of contract. In this connection, the Court notes that neither Nexgen nor Form Process and Raviv mention the provision of the contract which provides for the application of

than "manager"; manager was sole member of LLC and, therefore, was the only person with authority to bind the LLC, and the LLC Act did not envision that either a member or a manager of an LLC would be liable in an individual capacity for the actions of the LLC).

Nexgen apparently does not dispute, nor could it dispute, Raviv's argument that his failure to sign the contract for the manufacture of the steel panels in his individual capacity precludes a breach of contract claim against him. See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc., 551 So.2d 283 (Ala. 1989)(non-parties to insurance contract could not be liable for breach of contract). In its answer to Raviv's motion, Nexgen asserts that Count II, which is captioned "BREACH OF CONTRACT", "seeks damages against the Defendant, Samuel Raviv, under the theory of piercing the corporate veil." (Docket No. 27, p. 1, ¶ 4). If this was the case, it is not clear why Nexgen also asserted Count III against Raviv which is captioned "PIERCING THE CORPORATE VEIL." In any event, judgment on the pleadings will be entered in favor of Raviv and against Nexgen as to the breach of contract claim in Count II of the complaint.

**Piercing the Corporate Veil Claim in Count III of Complaint**

In FILO America, Inc. v. Olhoss Trading Co., L.L.C., 321 F.Supp.2d 1266 (M.D.Ala.2004), the plaintiff sued an LLC and its individual members alleging breach of contract, fraud and

---

Alabama law to any disputes arising out of the contract.

conversion under Alabama law, and the members moved for judgment on the pleadings. The motion was denied based on the court's conclusion that the issue of whether the veil of the LLC could be pierced to impose individual liability on its members raised questions which could not be resolved in a Rule 12(c) motion.

In concluding that Alabama would recognize a claim to "pierce the veil" of an LLC, the district court in FILO America, stated:[5]

* * *

> ..., here Fowler and Spann are not the owners or stockholders of a corporation, but rather are members of an LLC. FILO America does not cite, and the court does not find, any Alabama case addressing the question of whether the "veil" of an LLC can be "pierced" in the same way that a corporate "veil" can be "pierced." This may be due to the fact that LLCs are a relatively new legal form in Alabama, having been created by statute only in 1993. See Bradley J. Sklar and W. Todd Carlisle, The Alabama Limited Liability Company Act, 45 Ala.L.Rev. 145, 146 (1993).
>
> However, this court is convinced that, under Alabama law, it is possible to "pierce the veil" of an LLC. (footnote omitted).[6] The LLC is a "hybrid form of business entity that, when properly structured, combines the most desirable feature of a corporation (limited liability) with the income tax advantages of a partnership (pass-through treatment).... Under Alabama's statutes, an LLC has the same kind of limited liability as does a corporation. 1975 Ala.Code § 10-12-20 commentary ("The effect of this section is that a limited liability company will always have the corporate characteristic of limited liability"). Relatedly, "with respect to his liability for the debts and obligations of the limited liability company, a member is analogous to a limited partner or stockholder." Id. Because the LLC

---

5 In this connection, the Court notes that neither Nexgen nor Form Process and Raviv address the distinction between a corporation and an LLC with regard to the doctrine of "piercing the corporate veil."
6 In the omitted footnote, the district court noted that, sitting in diversity, it was only making an "educated guess" as to how the Alabama Supreme Court would rule on this issue. 321 F.Supp.2d at 1269, n.3.

borrows its limited liability characteristics from the law applicable to corporations, the "veil-piercing" exception applicable to corporations should also apply to LLCs. In other words, since a stockholder or owner of a corporation can be held liable for the debts and obligations of the corporation in the rare case in which "piercing the corporate veil" is appropriate, a member of an LLC should be similarly liable when it is appropriate for the "veil" of the LLC to be "pierced." See Skar and Carlisle, supra, at 200 (stating that corporate precedents on veil piercing will probably apply to LLCs in Alabama).

* * *

Therefore, this court concludes that, under Alabama law, it is possible to "pierce the veil" of an LLC in some situations. The factors that Alabama courts consider in deciding whether it is appropriate to "pierce the veil" of a corporation are: (1) inadequacy of capital; (2) fraudulent purpose in conception or operation of the business; (3) operation of the corporation as an instrumentality or alter ego. Culp v. Economy Mobile Homes, Inc., 895 So.2d 857, 2004 WL 541818 (Ala.)(internal citations omitted). While some of these factors may not apply to LLCs in the same way they apply to corporations, see Skar and Carlisle, supra, at 202 ("Inadequacy of capital should provide less of a basis for piercing the LLC veil than the corporate veil"), a fraudulent purpose in the conception or operation of an LLC should certainly be a valid reason for "piercing" the LLC's "veil." Eric Fox, Note, Piercing the Veil of Limited Liability Companies, 62 Geo. Wash. L.Rev. 1143 (1994)("If it is in the public interest to disregard the legal fiction when those benefitting from that fiction commit fraudulent conduct, it should not matter to the court whether the legal fiction is used by corporate shareholders or LLC members").

Here, FILO America has stated a claim adequate to pierce Olhoss's LLC "veil" by alleging that Fowler and Spann had a fraudulent purpose in the conception of their business. (footnote omitted).

* * *

321 F.Supp.2d at 1268-70.

Like the district court in FILO America, this Court concludes that Raviv is not entitled to judgment on the pleadings

with respect to Nexgen's "piercing the corporate veil" claim. Although the district court's decision in FILO America pre-dated Twombly, this Court is compelled to conclude that Nexgen has stated a plausible claim that Raviv, through Form Process, perpetrated a fraud on Nexgen. Specifically, Nexgen alleges that Raviv is the sole member of Form Proceess; that Raviv represented that Form Process could manufacture the steel panels designed by Nexgen; that Raviv falsely assured Nexgen over a period of years that the steel panels were in production; and that Nexgen paid, and Form Process accepted, $103,000.00 for the steel panels that were never produced. Accepting these allegations as true, which the Court must do at this stage of the proceedings, Nexgen adequately has pled that Raviv operated Form Process in a fraudulent manner, a basis for "piercing the veil" of Form Process to impose personal liability on Raviv under Alabama law.

Based on the foregoing, Raviv's motion for judgment on the pleadings as to Count III of the complaint will be denied. The denial, however, is without prejudice to Raviv's right to raise the issue in a motion for summary judgment under Fed.R.Civ.P. 56 after the close of discovery.

_____
William L. Standish
United States District Judge

Date: March 3, 2011